```
In re:                                              Case No. 18-03141-JJT
Joseph M Ragona, III                                Chapter 13
Kathleen Ragona
        Debtors
```

# CERTIFICATE OF NOTICE

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 02, 2019.

```
db/jdb        +Joseph M Ragona, III,   Kathleen Ragona,   382 Old River Rd,   Thorhurst, PA 18424-7623
5089332        ADVANCED CALL CENTER,   PO BOX 9091,   Johnson City, TN 37615-9091
5089333        AMAZON.COM,   PO BOX 15123,   Wilmington, DE 19850-5123
5089334       AMERICOLLECT,   PO BOX 1690,   Colby, WI 54421-1690
5110922        CAPITAL ONE BANK (USA), N.A. - CABELA'S CLUB VISA,   PO BOX 82609,   LINCOLN, NE 68501-2609
5089343       +CENTRAL CREDIT,   9550 REGENCY SQ BLVD,   STE 500,   Jacksonville, FL 32225-8169
5089346        EYE CARE SPECIALISTS,   PO BOX 660827,   Dallas, TX 75266-0827
5089348        FIRST PREMIER BANK,   Sioux Falls, SD 57107
5089349        FMS, INC,   PO BOX 707600,   Tulsa, OK 74170-7600
5089351        GEISINGER,   PO BOX 27727,   Newark, NJ 07101-7727
5089354       +JEFFERSON HEALTH,   PO BOX 88,   Philadelphia, PA 19105-0088
5089355       +L.C.C.C.,   1333 S. PROPSECT ST,   Nanticoke, PA 18634-3814
5089358       +MATTHEW BERGER, M.D.,   340 MONTAGE MTN RD,   Moosic, PA 18507-1707
5089362       +NORTHLAND GROUP,   PO BOX 390846,   Minneapolis, MN 55439-0846
5089364       +PATENUDE AND FELIX,   4545 MURPHY CANYON RD.,   3RD FLOOR,   San Diego, CA 92123-4363
5089366        PENNYMAC,   PO BOX 514387,   Los Angeles, CA 90051-4387
5089368        PROCO,   PO BOX 2462,   Aston, PA 19014-0462
5117333       +PennyMac Loan Services, LLC,   P.O. Box 2410,   Moorpark, CA 93020-2410
5089369        RADIOLOGY ASSOCS,   PO BOX 197,   State College, PA 16804-0197
5089370       +RECON ORTHO,   PO BOX 757910,   Philadelphia, PA 19175-7910
5089371       +ROTHMAN INSTITUATE,   925 CHESTNUT ST,   Philadelphia, PA 19107-4290
5089373        TARGET,   PO BOX 660170,   Dallas, TX 75266-0170
5089374       +VALLEY ENT, P.C,   190 WELLES ST,   Kingston, PA 18704-4961
5089375       +VISION IMAGING,   517 PIERCE ST,   Kingston, PA 18704-5757
5105294        Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines, IA 50306-0438
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5089335       +E-mail/Text: legal@arsnational.com Jan 31 2019 19:27:33    ARS NATIONAL,   PO BOX 469100,
               Escondido, CA 92046-9100
5089336        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jan 31 2019 19:27:37    BOSCOVS,   PO BOX 183003,
               Columbus, OH 43218-3003
5089337        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 31 2019 19:25:13    CAPITAL ONE,
               PO BOX 71083,   Charlotte, NC 28272-1083
5089344       +E-mail/PDF: creditonebknotifications@resurgent.com Jan 31 2019 19:25:42    CREDIT ONE BANK,
               PO BOX 98872,   Las Vegas, NV 89193-8872
5104716        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 31 2019 19:25:40
               Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC  28272-1083
5091623       +E-mail/Text: bankruptcy@cavps.com Jan 31 2019 19:28:00    Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
5089345        E-mail/Text: mrdiscen@discover.com Jan 31 2019 19:27:23    DISCOVER,   PO BOX 3008,
               New Albany, OH 43054-3008
5092054        E-mail/Text: mrdiscen@discover.com Jan 31 2019 19:27:23    Discover Bank,
               Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
5089347        E-mail/Text: bnc-bluestem@quantum3group.com Jan 31 2019 19:28:08    FINGERHUT,   PO BOX 166,
               Newark, NJ 07101-0166
5089356       +E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2019 19:25:11    LOWES,   PO BOX 530914,
               Atlanta, GA 30353-0914
5105495        E-mail/PDF: resurgentbknotifications@resurgent.com Jan 31 2019 19:36:46
               LVNV Funding, LLC its successors and assigns as,   assignee of Santander Consumer USA,
               Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5089359       +E-mail/Text: bknotices@mbandw.com Jan 31 2019 19:28:02    MCCARTHY BURGESS AND WOLFE,
               26000 CANTON RD,   Bedford, OH 44146-1807
5089360        E-mail/Text: rcpsbankruptcynotices@parallon.com Jan 31 2019 19:28:22    MEDICREDIT,
               PO BOX 1629,   Maryland Heights, MO 63043-0629
5103714       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 31 2019 19:27:49    Midland Funding LLC,
               PO Box 2011,   Warren, MI 48090-2011
5089361       +E-mail/Text: electronicbkdocs@nelnet.net Jan 31 2019 19:27:52
               NELNET  U.S. DEPT OF EDUCATION,   PO BOX 82561,   Lincoln, NE 68501-2561
5089363        E-mail/PDF: cbp@onemainfinancial.com Jan 31 2019 19:25:08    ONE MAIN FINANCIAL,
               PO BOX 9001122,   Louisville, KY 40290-1122
5100656        E-mail/PDF: cbp@onemainfinancial.com Jan 31 2019 19:25:35    ONEMAIN,   P.O. Box 3251,
               EVANSVILLE, IN 47731-3251
5089365        E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2019 19:25:37    PAYPAL CREDIT,   PO BOX 960080,
               Orlando, FL 32896-0080
5089367        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 31 2019 19:48:38
               PORTFOLIO RECOVERY,   PO BOX 12914,   Norfolk, VA 23541
5103611        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 31 2019 19:25:14
               Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5090349       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 31 2019 19:25:42
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5106085       +E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 31 2019 19:27:57    Premier Bankcard, Llc,
               Jefferson Capital Systems LLC Assignee,   Po Box 7999,   Saint Cloud Mn 56302-7999
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5117106          E-mail/Text: bnc-quantum@quantum3group.com Jan 31 2019 19:27:41
                 Quantum3 Group LLC as agent for,   Galaxy International Purchasing LLC,   PO Box 788,
                 Kirkland, WA  98083-0788
5114342          E-mail/Text: bnc-quantum@quantum3group.com Jan 31 2019 19:27:41
                 Quantum3 Group LLC as agent for,   Second Round Sub LLC,   PO Box 788,
                 Kirkland, WA  98083-0788
5105304          E-mail/Text: bnc-quantum@quantum3group.com Jan 31 2019 19:27:41
                 Quantum3 Group LLC as agent for,   MOMA Trust LLC,   PO Box 788,   Kirkland, WA  98083-0788
5114339          E-mail/Text: bnc-quantum@quantum3group.com Jan 31 2019 19:27:41
                 Quantum3 Group LLC as agent for,   Comenity Capital Bank,   PO Box 788,
                 Kirkland, WA  98083-0788
5089372         +E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2019 19:25:10       SYNCHRONY BANK,
                 4125 WINDWARD PLAZA DR,   Alpharetta, GA 30005-8738
5117441         +E-mail/Text: bncmail@w-legal.com Jan 31 2019 19:27:54       TD BANK USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
5089376          E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2019 19:25:11       WAL-MART,   PO BOX 960024,
                 Orlando, FL 32896-0024
                                                                                       TOTAL: 29

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5089338          CABELAS
5089341          CAR CARE CREDIT
5089342          CARE CREDIT
5089350          GAMESTOP
5089352          GETTINGTON
5089353          GOODYEAR
5089357          MARINER FINANCE
5089377          WELLS FARGO
5089378          WOODFOREST BANK
cr*             +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5089337*         BOSCOVS,   PO BOX 183003,   Columbus, OH 43218-3003
5089340*         CAPITAL ONE,   PO BOX 71083,   Charlotte, NC 28272-1083
                                                                                       TOTALS: 9, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2019                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 31, 2019 at the address(es) listed below:
              Carol Weiss Baltimore    on behalf of Debtor 2 Kathleen  Ragona bandicot6@aol.com
              Carol Weiss Baltimore    on behalf of Debtor 1 Joseph M Ragona, III bandicot6@aol.com
              Charles J DeHart, III (Trustee)  TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                                       TOTAL: 5
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JOSEPH RAGONA 111<br>KATHLEEN RAGONA | CHAPTER 13<br><br>CASE NO. _____ |

☑ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

       1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is $9,180.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 8/2018 | 7/2023 | $153.00 | | $153.00 | $153.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ✔ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

property known and designated as _____
_____. All sales shall be completed by
_____, 20___. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____
_____

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

✔ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PENNYMAC | REIDENCE, 382 OLD RIVER RD., THORNHURST, PA | |
| | | |
| | | |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

____ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F.** **Surrender of Collateral.** *Check one.*

✔    None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___    The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔    None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___    The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

**3. PRIORITY CLAIMS.**

    **A. <u>Administrative Claims</u>**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

            a. In addition to the retainer of $1 , 5 already paid by the Debtor, the amount of $2 , 5 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

           ✔    None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

           ____    The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |
| | |

7

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   ✔    None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   ____    Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ✔    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   ____    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ✔    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ____    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

 ✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

 ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

____ plan confirmation.
____ entry of discharge.
 ✔ closing of case.

9

7.  **DISCHARGE: (Check one)**

(✓)  The debtor will seek a discharge pursuant to § 1328(a).
(  )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 7/30/2018

/s/ Carol Baltimore, Esq
Attorney for Debtor

/s/ Joseph Ragona
Debtor

/s/ Kathleen Ragona
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11